**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 06 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED

OCT 03 2007

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

EVELYN BROWN, trustee for the estate
of Wassillie William Alexis,

Appellant,

V.

J. W.; et al.,

Appellees.

No. 06-35777

D.C. No. CV-06-00044-A-TMB

MEMORANDUM

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted August 8, 2007[*]
Anchorage, Alaska

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

A hastily-drawn bankruptcy settlement agreement disposing of the assets of

Allvest, Inc. ("Allvest") stated that the bankruptcy trustee would "retain" any

insurance claims concerning "Allvest as insured (or insurance of any nature [sic]

---

[*]    This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

1

may apply to underlying claims by J.W. et al. and by [Evelyn] Brown for the existing judgments held by these parties) and any claims associated with such insurance including ... claims in insolvency proceedings for any insurance company."

Brown appeals from the bankruptcy court's finding that a claim she filed against Allvest's insurance company in insolvency proceedings was not included in the settlement. We affirm.

"We review de novo a district court's judgment on appeal from a bankruptcy court. We apply the same standard of review applied by the district court, reviewing the bankruptcy court's legal conclusions de novo and its factual determinations for clear error." *Neilson v. United States (In re Olshan)*, 356 F.3d 1078, 1083 (9th Cir. 2004) (internal citations omitted).

"The goal in interpreting any contract is to give effect to the reasonable expectations of the parties." *Neal & Co. v. Ass'n of Village Council Presidents Regional Housing Auth.,* 895 P.2d 497, 502 (Alaska 1995) (internal citations and quotations omitted). "[W]hile extrinsic evidence should be consulted in determining the meaning of a written contract, nonetheless 'after the transaction has been shown in all its length and breadth, the words of an integrated agreement

remain the most important evidence of intention.'" *Lower Kuskokwim Sch. Dist.*, 778 P.2d at 584 (citing Restatement (Second) of Contracts, § 212 cmt. b (1981)).

The plain meaning of the settlement agreement defeats Brown's interpretation. Brown argues that the word "retain" here "evinces an intent to retain any interest in Brown's claim which Allvest had, but not to acquire that which it did not have." According to the definition Brown cited below, however, retain means "to hold or continue to hold in possession or use." Webster's Third New International Dictionary 1938 (1986). The bankruptcy judge made this very point to Brown: that she was "talking about continuing to hold ... [without] talking about to hold."

The context in which the word appears indicates that "retain" means "hold." The paragraph refers to "insurance of any nature [as] may apply to underlying claims ... by Brown for the existing judgments held by these parties . . . including claims against . . . receivers, or claims in insolvency proceedings for any insurance company." Brown's claim was for her existing judgment, and was against a receiver administering insolvency proceedings for Allvest's insurer.

Moreover, Brown's interpretation is inconsistent with the rest of the settlement agreement. "Inconsistency is defined as the absence of reasonable harmony in terms of the language and respective obligations of the parties."

3

*Froines v. Valdez Fisheries Dev. Ass'n*, 75 P.3d 83, 87 (Alaska 2003) (internal citations and quotations omitted). Brown's interpretation would create asymmetric obligations between Brown and the other remaining creditor, J.W. It would also allow her to double recover. The district court held that the lack of an offset provision indicated that all claims, including Brown's claim against Allvest's insurer, were intended to be transferred to the estate.

The bankruptcy court also found that the extrinsic evidence supported the inclusion of Brown's claim. The extrinsic evidence was conflicting, the parties' recollections were hazy, and the testimony concerned events that took place in a rush. The bankruptcy court's finding does not give rise to a "definite and firm conviction" that a mistake has been committed. *Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004).

Finally, even if the settlement agreement could be construed to exclude Brown's claim, the subsequent Motion to Approve the Settlement Agreement reflected the trustee's understanding that Brown's claim was included in the estate. Therefore, even if the trustee were mistaken in this interpretation, the parties are bound under the doctrine of mutual mistake. *See Afognak Joint Venture v. Old Harbor Native Corp.*, 151 P.3d 451, 458 (Alaska 2007).

4

The plain language of the settlement agreement shows that Brown transferred her claim against Allvest's insurer to the bankruptcy estate. An examination of extrinsic evidence changes nothing: because the bankruptcy court ruled that the extrinsic evidence demonstrated Brown's intent to transfer her claim, and because this was not clear error, there is no ground on which to rule that the agreement excludes Brown's claim.

AFFIRMED.

A TRUE COPY    10/1/07
ATTEST

CATHY CATTERSON
Clerk of Court

by:    **Signature Redacted**
    Deputy Clerk

This certification does constitute the mandate of the court.

INTERNAL USE ONLY: Proceedings include all events.
06-35777 Brown v. J.W., et al

| | |
|---|---|
| EVELYN BROWN, trustee for the estate of Wassillie William Alexis | Erik LeRoy, Esq. |
| | 907/277-2006 |
| | Ste. 302 |
| Appellant | [COR LD NTC ret] |
| | ERIK LEROY, P.C. |
| | 500 L St. |
| | Anchorage, AK 99501 |

v.

| | |
|---|---|
| J. W. | Steven J. Shamburek, Esq. |
| Appellee | FAX 907/522-5393 |
| | 907/522-5339 |
| | Suite 630 |
| | [COR LD NTC ret] |
| | LAW OFFICE OF STEVEN J. SHAMBUREK |
| | 425 "G" Street |
| | Anchorage, AK 99501 |
| | |
| | Brett Von Gemmingen, Esq. |
| | 907/278-5935 |
| | [COR LD NTC ret] |
| | 637 W. 3rd Ave. |
| | Anchorage, AK 99501 |
| B. P. | Steven J. Shamburek, Esq. |
| Appellee | (See above) |
| | [COR LD NTC ret] |
| | |
| | Brett Von Gemmingen, Esq. |
| | (See above) |
| | [COR LD NTC ret] |
| K. S. | Steven J. Shamburek, Esq. |
| Appellee | (See above) |
| | [COR LD NTC ret] |
| | |
| | Brett Von Gemmingen, Esq. |
| | (See above) |
| | [COR LD NTC ret] |
| C. W. | Steven J. Shamburek, Esq. |
| Appellee | (See above) |
| | [COR LD NTC ret] |
| | |
| | Brett Von Gemmingen, Esq. |
| | (See above) |
| | [COR LD NTC ret] |
| A. W. | Steven J. Shamburek, Esq. |
| Appellee | (See above) |
| | [COR LD NTC ret] |

INTERNAL USE ONLY: Proceedings include all events.
06-35777 Brown v. J.W., et al

                                Brett Von Gemmingen, Esq.
                                (See above)
                                [COR LD NTC ret]

KENNETH BATTLEY                 John C. Siemers, Esq.
     Appellee                   (907)279-2411
                                [COR LD NTC ret]
                                BURR, PEASE & KURTZ
                                810 N Street
                                Anchorage, AK 99501-3293